UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA.

| | |
|---|---|
| Matthew. Katona.<br><br>    Plaintiff, <br><br>v. <br><br>DONNA. ASURE, et al., <br>    Defendants | NO. 1:11-CV-1817 <br><br>Rambo, D.J. <br><br>Mannion, M.J. |

FILED SCRANTON
NOV 0 5 2012
Per_____ DEPUTY CLERK

Brief in Support of Plaintiff's Motion for Reconsideration

Statement of the case

This is a civil rights case filed under 42 U.S.C. §1983 by a state prisoner and asserting claims for the unconstitutional misuse of force, denial of proper medical care, failure to intervene. The Plaintiff seeks damages as to all claims.

Statement of facts

The complaint alleges that the Plaintiff was assaulted by several CO's (correctional officer's) receiving a number of injuries. It also alleges that the Plaintiff was assaulted by a

SGT (Sergeant) who was terminated (fired) and criminally charged for he assaulted the Plaintiff. It also alleges that other officers who witnessed the attack and failed to intervene wrote witness statement against ~~sgt~~ the sgt. The Plaintiff was denied proper medical care and the warden was aware of the Plaintiff's injuries and didn't allow him to go to the hospital for professional treatment. The warden is also aware of the sgt past behavior.

### ARGUMENT

(The court should appoint counsel for the Plaintiff)

In deciding whether to appoint counsel for an indigent litigant, the court should consider "the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues." Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991) (citation omitted). In addition, courts have suggested that the most important factor is whether the case appears to have merit. Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001). Each of these factors weighs in favor of appointment of counsel in this case.

1. (<u>Factual Complexity</u>). The Plaintiff alleges that several correctional officers physically abused him, while others stood by and watched. He also

asserts that certain prison supervisors were on notice of the violent propensities of some of those officers and did nothing about them. He challenges the denial of proper medical care after the incident by the prison officals. Finally, he claims that a sergeant was terminated (fired) and criminally charged for assaulting the plaintiff.

In addition, one of the plaintiff's claims involves the denial of proper medical care; it will probably be necessary to present a a medical expert witness or to cross-examine medical witnesses called by the defendants, or both. The presence of medical or other issues requiring expert testimony supports the appointment of counsel. Montgomery v. Pinchak, 294 F.3d 492, 503-04 (3d Cir. 2002); Moore v. Mabus, 976 F.2d 268, 272 (5th Cir. 1992); Jackson v. County of McLean, 953 F.2d 1070, 1073 (7th Cir. 1992).

2. (The Plaintiff's ability to investigate). The Plaintiff is locked up in Disciplinary Segregation and has no ability to investigate the facts. For example, he is unable to identify, locate, and interview the correctional officers, who seen some of the misuse of force. He is in the same situation with regard to developing the facts as an inmate who has been transferred to a different institution, a factor that several courts have cited in appointing counsel. Tucker v. Randall, 948 F.2d 288, 391-92 (7th Cir. 1991); Gatson v. Coughlin, 679 F.Supp. 270, 273 (W.D.N.Y. 1988). In addition,

This case will require considerable discovery concerning the identity of witnesses, the officers' reports and statements about the incident, any prior history of misuse of force by the officers, and the plaintiff's medical history. See, Parham v. Johnson, 126 F.3d 454, 459 (3d Cir. 1997) (holding counsel should have been appointed because "prisoner's lack of legal experience and the complex discovery rules clearly put him at a disadvantage in countering the defendant's discovery tactics ... these [discovery] rules prevented [the plaintiff] from presenting an effective case below.").

3. <u>Conflicting testimony</u>. The plaintiff's account of his beatings by officers is squarely in conflict with the statements of the officers. This aspect of the case will be a credibility contest between the defendants and the plaintiff. The existence of these credibility issues supports the appointment of counsel. Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996); Gatson v. Coughlin, 679 F.Supp. at 273.

4. <u>The ability of the indigent to present his claim</u>. The plaintiff, is an indigent prisoner with no legal training, a factor that supports the appointment of counsel. Forbes v. Edgar, 112 F.3d 262, 264 (7th Cir. 1997). In addition, he is confined to segregation with very limited access to legal mat-

erials. Hayes v. Johnson, 969 F.2d 700, 703-04 (8th Cir. 1992) (citing lack for ready access to a law library as a factor supporting appointment of counsel).

5. [Legal complexity]. The large number of defendants, some of whom are supervisory officals, presents complex legal issues of determining which defendants were sufficiently personally involved in the constitutional violations to be held liable. Hendricks v. Coughlin, 114 F.3d 390, 394 (2d Cir. 1997)(holding complexity of supervisory liability supported appointment of counsel). In addition, the plaintiff has asked for a Jury trial, which requiers much greater skill than the plaintiff has or can develop. Solis v. County of Los Angeles, 514 F.3d 946, 958 (9th Cir. 2008) (prisoner with eighth grade education and no legal training is "ill-suited" to conduct a Jury trial.

6. [Merit of the case]. The plaintiff's allegations, if proved, clearly would establish a constitutional violation. The unprovoked and injurious beating alleged in the complaint states an eighth Amendment violation. See, Hudson v. McMillian, 503 U.S. 1, 112 S. Ct. 995 (1992). The allegations of denial of medical care amount to "intentionally interfering with the treatment once prescribed," which the supreme court has specifically cited as an example of unconstitutional deliberate indifference to prisoners' medical needs.

Estelle v. Gamble, 429 U.S. 97, 105, 97 S. Ct. 285 (1976). The plaintiff also alleges in the complaint that ex former sergeant James. shea. assaulted the plaintiff while he was subdued and hand cuffed, which in that case the ex-sergeant (Defendant) was terminated (fired) and criminally charged and plead Guilty. (Commonwealth of Pennsylvania v. James. Michael. shea, Monroe county court of common pleas, Docket NO. CP-45-CR-0001395-2011.(ex-former sergeant shea, was charged with assault for assaulting, an inmate matthew. Katona. at monroe county correctional facility, while Inmate Katona was subdued and handcuffed behind his back). on it's face, then, this is a meritorious case.

## CONCLUSION

For the forgoing reasons, the court should reconsider the denial of the Plaintiff's "Motion for appointment of counsel" and the court should overturn and Grant the plaintiff's motion and appoint counsel in this case.

Respectfully Submitted
Matthew. Katona. # JP-3463
SCI Huntingdon
1100 pike street
Huntingdon, PA. 16654-112

X /s/
Dated: 10-27-12
CC: Filed

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA

# PROOF OF SERVICE

Matthew. Katona. states that on the date below, he served this, "Motion for Reconsideration", "with a brief to support of Motion for Reconsideration," ~~and the ~~~~ ~~~~ ~~~~ ~~~~~~.~~ upon the following by 1st class mail.

Office of the clerk

UNITED STATES DISTRICT COURT

Middle DISTRICT OF PENNSYLVANIA.

P.O. Box 1148

SCRANTON, PA. 18501-1148

Gerard J. Geiger.

712 MONROE Street

Stroudsburg, PA. 18360

Harry P. McGrath

321 SPRUCE street

Suite 500,

Scranton, PA. 18503

Respectfully Submitted

Matthew. Katona. # JP-3463

SCI Huntingdon

1100 Pike Street

Huntingdon, PA. 16654-112

X MK/CJ

Date:

cc, filed