# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATTHEW KATONA, | : | Civil No. 1:11-CV-1817 |
| Plaintiff, | : | |
| v. | : | (Judge Rambo) |
| DONNA ASURE, et al., | : | (Magistrate Judge Carlson) |
| Defendants. | : | |

## MEMORANDUM AND ORDER

The background of this order is as follows:

The plaintiff, a state prisoner, commenced this action by filing a *pro se* complaint, (Doc. 1.), which the plaintiff later amended on June 12, 2012. The defendants subsequently moved to dismiss certain counts and claims in this amended complaint, including claims for injunctive relief and claims involving alleged verbal harassment of the plaintiff. (Docs. 74 and 86.)

Following the filing of these motions to dismiss, on December 26, 2012, the plaintiff sought leave to file a second amended complaint, which appears to address at least some of the issues raised by the motions to dismiss by deleting claims for injunctive relief, and re-pleading other claims. (Docs. 115 and 116.) The defendants have not opposed this motion, and the time for filing an opposition has passed,

1

therefore, the defendants are deemed not to oppose the motion to amend and the motion will be GRANTED. Such motions are governed by Rule 15(a) of the Federal Rules of Civil Procedure, which strongly favors amendment of pleadings. Rule 15(a), F.R. Civ. P. In this case the plaintiff seeks leave to amend the complaint by deleting his request for injunctive relief and re-pleading his other claims. Therefore, the plaintiff should be granted leave to amend this complaint under Rule 15. Of course, nothing in this decision implies any views on the ultimate merits of the issues raised in the amended complaint, an issue that will be reserved for another time.

Accordingly, for the foregoing reasons, IT IS ORDERED that the plaintiff's motion for leave to amend (Doc. 115.) is GRANTED, and further proceedings shall be conducted on the basis of the plaintiff's second amended complaint. (Doc. 116.)

We believe that this development has substantive significance for the parties since, as a matter of law, an amended complaint takes the place of the original complaint, effectively invalidating the original complaint. Crysen/Montenay Energy Co. v. Shell Oil Co. (In re Crysen/Montenay Energy Co.), 226 F.3d 160, 162 (2d Cir. 2000) ("[A]n amended pleading ordinarily supersedes the original and renders it of no legal effect"); see 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended … supersedes the pleading it modifies…. Once an amended pleading is

interposed, the original pleading no longer performs any function in the case…."). Since the complaint in this case has been amended, the original complaint is now a nullity, and any motion to dismiss challenging a count contained in that original complaint is now moot. Therefore, we will DISMISS the pending motions to dismiss the plaintiff's first amended complaint (Docs. 74 and 86.) as moot, but without prejudice to the defendants renewing these motions as to the second amended complaint.

SO ORDERED, this 6th day of February 2013.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge