# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATTHEW KATONA, | : | CIVIL NO. 1:11-CV-1817 |
| | : | |
| Plaintiff, | : | (Judge Rambo) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| DONNA ASURE, et al., | : | |
| | : | |
| Defendants, | : | |

## MEMORANDUM OPINION AND ORDER

### I. Statement of Facts and of the Case

This is a *pro se* civil rights action filed by the plaintiff, a state inmate. Presently there is a motion pending before this court to dismiss Katona's complaint. (Doc. 130.)

Katona has filed a motion seeking a 60 day extension of time in which to respond to this motion,(Doc. 132.), which we will GRANT. With respect to the motion to dismiss, the plaintiff shall file a response in accordance with Local Rule 7.6 on or before **July 19, 2013**. Pursuant to Local Rule 7.7 the movants may then file reply briefs on or before **August 2, 2013**. All briefs must conform to the requirements prescribed by Local Rule 7.8.

The plaintiff has also filed a motion seeking to depose the defendants. (Doc. 133.) In the exercise of our discretion, however, we will stay discovery until after the court rules upon the potential dispositive motion to dismiss. For the reasons set forth below, discovery will be stayed without prejudice to renewal of discovery, if necessary, once the potentially dispositive pre-trial motions are resolved.

**II.     Discussion**

Issues relating to the scope of discovery permitted under Rule 26 rest in the sound discretion of the court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). A court's decisions regarding the conduct of discovery will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This broad discretion extends to decisions under Rule 26(c) relating to the issuance of protective orders limiting and regulating discovery. Indeed, it is undisputed that: " '[t]he grant and nature of [a protective order] is singularly within the discretion of the district court and may be reversed only on a clear showing of abuse of discretion.' Galella v. Onassis, 487 F.2d 986, 997 (2d Cir.1973) (citation omitted)." Dove v. Atlantic Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992).

Certain basic principles, however, guide the exercise of this discretion. One of these cardinal principles, governing the exercise of discretion in this field, is that

the district court may properly defer or delay discovery while it considers a potentially dispositive pretrial motion, provided the district court concludes that the pretrial motion does not, on its face, appear groundless. See, e.g., James v. York County Police Dep't, 160 F.App'x 126, 136 (3d Cir. 2005); Nolan v. U.S. Dep't of Justice, 973 F.2d 843, 849 (10th Cir. 1992); Johnson v. New York Univ. Sch. of Ed., 205 F.R.D. 433, 434 (S.D.N.Y. 2002). Briefly deferring discovery in such a case, while the court determines the threshold issue of whether a complaint has sufficient merit to go forward, recognizes a simple, fundamental truth: Parties who file motions which may present potentially meritorious and complete legal defenses to civil actions should not be put to the time, expense and burden of factual discovery until after these claimed legal defenses are addressed by the court.

In our view these principles control here, and dictate how we should exercise our broad discretion in this field. The defendants have filed potentially dispositive motions, which raise defenses that do not, on their face, appear groundless. See, e.g., James v. York County Police Dep't, 160 F. App'x 126, 136 (3d Cir. 2005). The merits of these claims are currently being addressed by the court, ensuring a very prompt resolution of this motion. In this setting, we conclude, consistent with settled case law, that:

> "[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.' " In re Currency Conversion Fee Antitrust Litigation, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) (quoting Chrysler Capital Corp. v. Century Power Corp., 137 F.R.D. 209, 209-10 (S.D.N.Y.1991)) (citing Flores v. Southern Peru Copper Corp., 203 F.R.D. 92, 2001 WL 396422, at *2 (S.D.N.Y. Apr. 19, 2001); Anti-Monopoly, Inc. v. Hasbro, Inc., 1996 WL 101277, at *2 (S.D.N.Y. March 7, 1996)).

Johnson v. New York Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002). Indeed, we find that an order staying this collateral discovery is particularly appropriate here. It is fitting that further, collateral discovery be deferred until those potentially dispositive motions are resolved.

### III. Conclusion

Accordingly, for the foregoing reasons, the plaintiff's motion for extension of time (Doc. 132.) is GRANTED, and the plaintiff's motion to conduct depositions (Doc. 133.), is DENIED without prejudice to the parties pursuing appropriate discovery once the pending, and potentially dispositive, motions are resolved.

So ordered this 24th day of May 2013.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge