UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW KATONA, | |
| Plaintiff, | CIVIL ACTION NO. 1:11-CV-01817 |
| v. | (RAMBO, J.) |
| DONNA ASURE, Warden, et al., | (MEHALCHICK, M.J.) |
| Defendants. | |

**MEMORANDUM**

This matter comes before this Court upon Plaintiff Matthew Katona's motion, through counsel, for leave to file a third amended complaint, which was filed on April 11, 2016.[1] (Doc. 172). Katona has submitted three previous pleadings, all while proceeding *pro se*: (1) the original complaint, filed on October 3, 2011 (Doc. 1); (2) an amended complaint that was proposed on April 23, 2012 (Doc. 62-1), and granted by the Court on June 12, 2012 (Doc. 70; Doc. 71); and (3) a second amended complaint that Katona proposed on December 26, 2012 (Doc. 115; Doc. 116), and was granted by the Court on February 6, 2013 (Doc. 118). The events that gave rise to this action occurred while Katona was incarcerated at the Monroe County Correctional Facility ("MCCF") in Stroudsburg, Pennsylvania. In the original complaint, Katona brought suit against several MCCF correctional officers and supervisory officials in their individual and official capacities, alleging that they perpetrated a violent attack against him because of his

---

[1] "Among the District Courts within the Third Circuit, a motion to amend is generally treated as a nondispositive matter, subject to decision by the magistrate judge." *Aguiar v. Recktenwald*, No. 3:13-CV-02616, 2014 WL 6062967, at *2 n.2 (M.D. Pa. Nov. 12, 2014) (citing *Stridiron v. Mobile Paint Mfg. Co. of Del.*, No. CIV.2002/44, 2003 WL 23198843, at *1 (D.V.I. Dec. 15, 2003); *Thomas v. Ford Motor Co.*, 137 F. Supp. 2d 575, 579, (D.N.J. 2001); *Fishbein Family Partnership v. PPG Indust., Inc.*, 871 F. Supp. 764, 769 n.4 (D.N.J. 1994)), *aff'd*, No. CIV.A. 3:13-2616, 2015 WL 4066703 (M.D. Pa. July 2, 2015).

Caucasian race and Muslim faith in violation of his civil rights. (Doc. 1). The current operative pleading, Katona's second amended complaint, includes claims against these same MCCF correctional officers and supervisory officials in their individual capacities, while also naming members of MCCF's medical staff and deputies at the Monroe County Courthouse as additional Defendants. (Doc. 116). Noting that at least some of Katona's claims warranted factual investigation and that discovery would be difficult in light of the legal issues involved in the case, the District Court conditionally appointed Katona counsel on August 3, 2015. (Doc. 164). Counsel entered his appearance on behalf of Katona on January 28, 2016. (Doc. 166).

In this motion, Katona seeks leave to amend his complaint to add a municipal liability claim against Monroe County (the "County") and to articulate additional theories of liability as to his existing claims. (Doc. 172). Additionally, Katona wishes to withdraw his claims against Monroe County Court Deputy Blaney and Monroe County Deputy John Doe. (Doc. 172, ¶ 9). Along with the motion, Katona has also filed a brief in support thereof (Doc. 175), and a proposed third amended complaint (Doc. 172-1). On April 26, 2016, Defendants filed a brief in opposition to Katona's motion to amend, arguing that the proposed municipal liability claim should be denied as futile because it would be barred by the statute of limitations and that the alternative theories of liability as to Katona's existing claims are also futile. (Doc. 176). However, Defendants do not oppose the dismissal of Deputy Blaney and Deputy John Doe. (Doc. 176, at 4).

I. **STANDARD OF REVIEW**

Rule 15 of the Federal Rules of Civil Procedure governs motions to amend a complaint. Rule 15 provides for three ways by which a plaintiff may potentially amend a complaint: (1) as a matter of course; (2) with the opposing party's written consent; and (3) by leave of court. Fed.

R. Civ. P. 15. Here, Katona seeks leave of court to amend his complaint pursuant to Fed. R. Civ. P. 15(a)(2).

The Court has reviewed Katona's motion, construing it liberally. *See generally Arthur v. Maersk, Inc.*, 434 F.3d 196, 202 (3d Cir. 2002) ("Federal Rule of Civil Procedure 15 embodies a liberal approach to pleading."). Under Rule 15(a)(2), "[t]he court should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("[T]his mandate is to be heeded."). However, even under this liberal standard, a motion for leave to amend may be denied when justified. "Permissible justifications [for denying leave to amend] include: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposition; (4) repeated failures to correct deficiencies with previous amendments; and (5) futility of the amendment." *Riley v. Taylor*, 62 F.3d 86, 90 (3d Cir. 1995).

**II.   DISCUSSION**

A.   KATONA'S MUNICIPAL LIABILITY CLAIM IS NOT FUTILE

Defendants argue that Katona's attempt to amend his pleading once more to assert a municipal liability claim against the County should be denied as futile. "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Specifically, Defendants argue that the municipal liability claim is futile because it would be barred by the statute of limitations and that it is meritless. (Doc. 176, at 6 (citing *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988) (affirming denial of motion to amend on futility grounds because the proposed new claim was barred by the applicable statute of limitations))). Municipal liability arises under 42 U.S.C. § 1983 "where the municipality *itself* causes the constitutional violation at issue." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). "[A] §

1983 claim is governed by the statute of limitations that applies to personal injury tort claims in the state in which such a claim arises." *Kach v. Hose*, 589 F.3d 626, 639 (3d Cir. 2009); *see also Burnett v. Grattan,* 468 U.S. 42, 49 (1984) ("It is now settled that federal courts will turn to state law for statutes of limitations in actions brought under these civil rights statutes."). Because this claim arose within the Commonwealth of Pennsylvania, Pennsylvania's two-year statutory limitations period for personal injury tort claims applies to Katona's § 1983 claims. 42 Pa. Cons. Stat. Ann. § 5524(7); *Kost v. Kozakiewicz,* 1 F.3d 176, 189-90 (3d Cir. 1993) (holding that Pennsylvania's two-year statute of limitations applies to claims for violations of constitutional rights brought pursuant to 42 U.S.C. § 1983). Specifically, Katona's § 1983 claims arose on February 23, 2011, the date he alleges he was assaulted, and therefore the limitations period to bring those claims expired on February 23, 2013. (Doc. 172-1, ¶ 13). Thus, Katona's proposed third amended complaint, filed on April 11, 2016, comes over three years after the statute of limitations on his § 1983 claims has run. (Doc. 172; Doc. 172-1).

### 1. Relation Back

Because Katona seeks to add a claim for municipal liability against the County after the statute of limitations has run, he must satisfy the "relation back" requirements of Rule 15(c). Fed. R. Civ. P. 15(c); *see also Wine v. EMSA Ltd. P'ship*, 167 F.R.D. 34, 36 (E.D. Pa. 1996) ("Although Rule 15(a) favors a liberal policy for the amendment of pleadings, if a litigant seeks to add a party after the statute of limitations on its claim has run, 'the essence of Rule 15(a) is not reached,' unless the Court finds that the requirements of . . . 15(c), which governs the relation back of amendments, have been satisfied." (quoting *Cruz v. City of Camden,* 898 F. Supp. 1100, 1115 (D.N.J.1995))). "Rule 15(c) can ameliorate the running of the statute of limitations on a claim by making the amended claim relate back to the original, timely filed complaint."

*Singletary v. Pennsylvania Dep't of Corr.*, 266 F.3d 186, 193 (3d Cir. 2001). Rule 15(c) provides, in relevant part:

> **(1) When an Amendment Relates Back.** An amendment to a pleading relates back to the date of the original pleading when:
> . . .
> **(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
> **(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> **(i)** received such notice of the action that it will not be prejudiced in defending on the merits; and
> **(ii)** knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c).

In the case at bar, because Katona seeks to amend his pleading to add the County as a party, he must satisfy the requirements of Rule 15(c)(1)(C). [2] Thus, in order to benefit from the "relation back" provision, Katona must establish that: (1) the proposed third amended complaint relates to the same conduct, transaction or occurrence set forth in the original complaint; (2) the County had notice of the action within the 120-day time period subsequent to the filing of the original complaint such that it will not be prejudiced in maintaining the action; and (3) the County knew or should have known that but for a mistake of identity of the proper party, it would have been named in the original complaint. Fed. R. Civ. P. 15(c)(1).

---

[2] To the extent that Katona argues that he is not seeking to add a new party but instead just wishes to "clarify" the County's involvement as a Defendant in this case, the distinction is irrelevant because Katona must change "the naming of the party against whom a claim is asserted," regardless. (Doc. 172, ¶¶ 7-8); *see also* Fed. R. Civ. P. 15(c)(1)(C).

### a. Same Conduct, Transaction, or Occurrence

First, the municipal liability claim in Katona's proposed third amended complaint arose out of conduct that Katona either set out or attempted to set out in his original pleading. *See* Fed. R. Civ. P. 15(c)(1)(B). The original complaint contained claims against Warden Asure, among other Defendants, in both her individual and her *official* capacity. (Doc. 1, ¶ 8). A claim against a warden of a county prison in his or her official capacity serves as a claim against the county itself. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, Katona actually asserted a claim against the County in his initial complaint. Furthermore, Katona alleged in his initial complaint that Asure "is legally responsible for the operation of [MCCF] and for the welfare of all the inmates of that county prison," and that she—and the County by extension—is responsible for inadequately training Defendant Shea and other subordinates as to the use of appropriate force and respect for inmates' religious freedoms. (Doc. 1, ¶¶ 4, 29, 35). This same conduct, or lack thereof, on the part of Asure also forms the basis for the municipal liability claim that Katona now attempts to assert by arguing that Asure implemented an unconstitutional custom or policy on behalf of the County of inadequately training corrections officers. (Doc. 172-1, ¶¶ 80-84, 93-96). Because Katona's municipal liability claim against the County arose out of the same conduct by Asure that Katona alleged in his initial complaint, Rule 15(c)(1)(B) is satisfied.

Despite the fact that Katona's municipal liability claim arose out of conduct that was previously asserted in his initial complaint, Defendants argue that this Court should only consider Katona's second amended complaint—the current operative pleading—for the purpose of determining whether the relation back requirements are met. (Doc. 176, at 4-5). Defendants correctly point out that an amended complaint generally supersedes and replaces the earlier

pleading. (Doc. 176, at 4-5); *see also In re Processed Egg Prod. Antitrust Litig.*, 302 F.R.D. 339, 343 (E.D. Pa. 2014). However, Defendants cite to no law in support of their position that superseded pleadings are irrelevant to the relation back analysis. Indeed, the plain language of Rule 15(c)(1)(B) appears to indicate otherwise, as the Rule instructs courts to look to the conduct, transaction, or occurrence set out "in the *original* pleading" as opposed to the current operative pleading. Fed. R. Civ. P. 15(c)(1)(B) (emphasis added). Furthermore, other courts within the Third Circuit "have permitted a second amended pleading to relate back to an original filing," as opposed to the most recent pleading. *Collins v. Diguglielmo*, No. CIV.A. 10-851, 2013 WL 3305233, at *16 n.7 (E.D. Pa. July 1, 2013) (citing *Bensel v. Allied Pilots Ass'n,* 387 F.3d 298, 309 (3d Cir. 2004) (permitting a second amended complaint to relate back to the original complaint); *Miles v. Lansdowne Borough,* No. 11–1913, 2011 WL 4852429, at *2–4 (E.D. Pa. Oct. 13, 2011) (same)). In light of this precedent and the fact that Katona was proceeding *pro se* when he filed all previous pleadings, the Court finds that it may look beyond the second amended complaint and to the original complaint in determining whether Katona's municipal liability claim satisfies the relation back requirements.

      b.  Notice

Second, the County received adequate notice of the institution of the action within the time period for service provided by Rule 4(m), and therefore will not be prejudiced by being added to the action at this late stage.[3] Fed. R. Civ. P. 15(c)(1)(C)(i). The Third Circuit has held that notice of the institution of an action can be constructive or implied under Rule 15(c). *Singletary v. Pa. Dep't of Corrs.,* 266 F.3d 186, 196 (3d Cir. 2001). Specifically, the Third Circuit

---

[3] Rule 4(m) was amended on December 1, 2015 to reduce the presumptive time for serving a defendant from 120 days to 90 days. However, this change is immaterial here because the County received adequate notice before either time period lapsed.

recognizes two methods for imputing notice under Rule 15(c)(1)(C)(i), the "shared attorney" method and the "identity of interest" method. *Garvin v. City of Philadelphia*, 354 F.3d 215, 222-23 (3d Cir. 2003). "The 'shared attorney' method of imputing . . . notice is based on the notion that, when an originally named party and the party who is sought to be added are represented by the same attorney, the attorney is likely to have communicated to the latter party that he may very well be joined in the action." *Singletary*, 266 F.3d at 196. Here, counsel entered an appearance on behalf of the MCCF Defendants named in Katona's initial complaint—including Warden Asure in her individual and official capacities—61 days after the initial complaint was filed, and thus well within the time period provided under Rule 4(m). (Doc. 11). In his brief in support of a motion to dismiss Katona's initial complaint filed on December 23, 2011, counsel explicitly recognized that Katona's claim against Asure in her official capacity constituted a claim against the County itself, and thus sought dismissal on the County's behalf. (Doc. 17, at 9-12 & n.7). Because the County and the individual MCCF Defendants share an attorney, and because counsel explicitly advocated on the County's behalf within the time period for service provided by Rule 4(m), the Court is thoroughly satisfied that the County has received adequate notice of the action and will not be prejudiced in defending on the merits.[4] *See* Fed. R. Civ. P. 15(c)(1)(C)(i).

      c. <u>Mistake</u>

Third, the County "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P.

---

[4] Because the Court finds that notice was imputed to the County under the "shared attorney" method, it need not consider "identity of interest." However, at least one court within this Circuit has found that a county prison official's supervisory role may be significant enough to impute notice to the county itself under the "identity of interest" method. *See Carlos v. York Cnty.*, No. 1:15-CV-01994, 2016 WL 1706163, at *5 n.7 (M.D. Pa. Apr. 27, 2016).

15(c)(1)(C)(ii). "Third Circuit law establishes that a 'mistake' regarding a defendant's identity may encompass the plaintiff's inadequate knowledge concerning the party, not merely misnomers or misidentifications." *Stewart v. Philadelphia Hous. Auth.*, 487 F. Supp. 2d 584, 590 (E.D. Pa. 2007). Here, despite asserting failure to train claims against Asure in both her individual and official capacities, Katona mistakenly failed to include the County as a Defendant in the caption of his initial complaint. (Doc. 1). Nonetheless, counsel knew that the claim against Asure in her official capacity was really a claim against the County, as clearly stated in the brief in support of the MCCF Defendants' motion to dismiss the initial complaint, and therefore that the County was not officially added as a separate party to the docket because of a mistake by Katona. (Doc. 17, at 9-12 & n.7). The third and final requirement under Rule 15(c)(1)(C) is therefore met.

Accordingly, all relation back requirements of Rule 15(c) have been satisfied, and Katona may benefit from the date of filing his earlier pleadings for the purpose of satisfying the statute of limitations with regard to his municipal liability claim. Because his initial complaint—and each of his two subsequent pleadings—were filed before the two-year limitations period to bring a § 1983 claim expired on February 23, 2013, Katona's municipal liability claim is deemed timely.

### 2. Municipal Liability Claim is not Futile on the Merits

Defendants alternatively argue that Katona should not be permitted to amend his pleading to add a municipal liability claim because that claim would fail on the merits. (Doc. 176, at 7). In support of this assertion, Defendants allege that Asure's actions and inactions cannot form the basis of a municipal liability claim against the County because the Monroe County Prison Board, not Warden Asure, was the authorized policymaker on the County's behalf. (Doc. 176, at 7 (citing *Barry v. Luzerne Cnty.*, 447 F. Supp. 2d 438, 451 (M.D. Pa. 2006)).

"Municipal liability attaches only 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury' complained of." *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1295 (3d Cir. 1997) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Under Pennsylvania law, a county's prison board is vested with the duty to "provide for the safekeeping, discipline and employment of inmates and the government and management of the correctional institution." 61 Pa. Cons. Stat. § 1731. Although some Pennsylvania federal courts interpreting this statute have concluded that a warden of a county prison cannot serve as municipal policymaker because that duty lies exclusively with a county prison board, others maintain that it is possible for a warden to incur liability on the part of a county. *Compare Tarapchak v. Lackawanna Cnty.*, No. CV 15-2078, 2016 WL 1246051, at *17 (M.D. Pa. Mar. 24, 2016) ("[Plaintiff] has not alleged Warden McMillan is a policymaker for Lackawanna County and even if she had, she would be incorrect."), *with Herman v. Cnty. of York*, 482 F. Supp. 2d 554, 562 (M.D. Pa. 2007) (rejecting motion to dismiss where county defendants argued that warden lacked policymaking authority and finding that discovery was needed to determine warden's role in ratifying county prison policies). Given this ambiguity, the Court declines to find that Asure was not a County policymaker as a matter of law, and instead concludes that this question is better resolved after discovery as to the role, if any, that Asure plays in the ratification of MCCF policies. Because Katona's proposed municipal liability claim is not clearly futile, the Court grants leave for Katona to assert this claim.

### B. Defendants' Remaining Arguments

Defendants also take issue with various contents of the proposed third amended complaint that do not involve the assertion of new claims or addition of new parties. In

particular, Defendants challenge Katona's assertion of new theories of liability as to existing claims. (Doc. 176, at 8-10). However, generally "amendment should be allowed where the factual situation is not changed even though a different theory of recovery is presented." *Popovitch v. Kasperlik*, 76 F. Supp. 233, 238–39 (W.D. Pa 1947). Because these additional theories added by Katona do not involve a different factual situation and do not appear otherwise prejudicial to Defendants, and in light of Katona's *pro se* status when he filed his earlier complaints, the Court deems it in the interest of justice to grant Katona's proposed third amended complaint in its entirety. To the extent that Defendants contend that any particular theory of liability raised in the proposed third amended complaint is lacking in factual support, they are certainly free to assert these challenges in a later dispositive motion.

### III. CONCLUSION

For the foregoing reasons, Katona's motion to file a third amended complaint (Doc. 172) is **GRANTED**.

An appropriate order follows.

**BY THE COURT:**

**Dated: September 23, 2016**            *s/ Karoline Mehalchick*
                                                            **KAROLINE MEHALCHICK**
                                                            **United States Magistrate Judge**