# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW KATONA, | |
| Plaintiff | CIVIL ACTION NO. 1:11-CV-1817 |
| v. | ((MEHALCHICK, M.J.) |
| DONNA ASURE, et al | |
| Defendants | |

## MEMORANDUM OPINION

This motion for attorney's fees arises out of the court's finding of fact and conclusion of law regarding Matthew Katona's ("Katona") successful excessive force claim, including a recovery of damages, against James Shea ("Shea"), former Sergeant of Monroe County. On July 6, 2018, Katona petitioned the Court for costs and attorney's fees. (Doc. 209). The Court determined Katona's motion contained sufficient substance in and of itself so that a brief in support was not required and ordered defendants to file a brief in opposition on or before July 23, 2010. (Doc. 211 at 1). No brief in opposition having been filed, the Court deems the motion unopposed and ripe for review.[1]

### I. BACKGROUND & PROCEDURAL HISTORY

Matthew Katona ("Katona"), brought a complaint pursuant to 42 U.S.C.A. § 1983 alleging excessive force in violation of the Eighth Amendment against a variety of defendants, including James Shea, then an employee of State Correctional Institute (SCI) – Coal

---

[1] Even though the motion for attorney's fees is unopposed, the Court will review the requested amount for reasonableness. *Benjamin v. Department of Public Welfare of Com. of Pennsylvania*, No. 1:09–cv–1182, 2014 WL 4793736, *8 (M.D. Pa. September 25, 2014).

Township, a Pennsylvania state prison. (Doc. 1). Summary judgment as to liability against Shea was granted on February 3, 2015. (Doc. 159); (Doc. 162).

The undersigned *sua sponte* reconsidered Katona's Motion to Appoint Counsel and issued an Order appointing counsel. (Doc. 164). Attorney Bret P. Shaffer (Shaffer) and Attorney Lori K. Serratelli (Serratelli) appeared on behalf of Katona. (Doc. 166); (Doc. 168). The remainder of the claims having been resolved, the Court conducted a non-jury trial on July 9, 2018 on the sole remaining issue of damages against Shea. (Doc. 210; Doc. 213). Shea did not appear at the trial and had not filed any documents in connection therewith. (Doc. 210; Doc. 213). The Court, having heard the testimony and reviewed all documentary evidence, entered the Findings of Fact and Conclusions of Law (Doc. 214) and an Order and Judgment (Doc. 215) pursuant to Fed.R.Civ.P.52.

## II. ATTORNEY'S FEES ON A § 1983 ACTION

As the prevailing party in a § 1983 suit, Plaintiff's recovery of attorneys' fees is governed by 42 U.S.C. § 1988, which provides that: "[i]n any action or proceeding to enforce a provision of section … 1983 … , the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988. "A party may be considered a prevailing party entitled to attorneys' fees if 'they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" *Moffit v. Tunkhannock Area School District*, No. 3:13-1519 2017 WL 319154, *3 (M.D. Pa. January 20, 2017) (quoting *Farrar v. Hobby*, 506 U.S. 103, 109 (1992)). Additionally, the Supreme Court has held that paralegal services are also compensable under § 1988. *Missouri v. Jenkins*, 491 U.S. 274, 285 (1989). There is no rule that the fee awards may

be no larger than the damages award; the degree of plaintiff's success will determine the appropriate award. *Abrams v. Lightoiler Inc.*, 50 F.3d 1204, 1222 (3d Cir. 1995).

The starting point for a court's determination of reasonable attorneys' fees is the lodestar calculation. *Hensley v. Eckerhart*, 461 U.S. at 433. The lodestar is the product of the number of hours reasonably expended by litigation, and the reasonable hourly rate. There is a strong presumption that the lodestar is a reasonable fee. *See City of Burlington v. Dague*, 505 U.S. 557, 562, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992). Nevertheless, a court may adjust this figure upward or downward when the lodestar is unreasonable.[2] *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

Courts apply a burden-shifting analysis to calculate the lodestar. The petitioner must produce evidence that the hours spent and rate charged are reasonable. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir.1990). Once the petitioner has done so, the burden shifts to the respondent to challenge the attorney's hours, hourly rate, and the reasonableness of the product of those numbers. *Id.* In considering the opposing party's objections, the district court enjoys substantial discretion to make downward adjustments to the lodestar; however a court should not "decrease a fee award based on factors not raised at all by the adverse party." *Bell v. United Princeton Props., Inc.*, 884 F.2d 713, 720 (3d Cir. 1989). The Supreme Court has restricted the court's discretion to adjust the lodestar upward such that the lodestar may be

---

[2] However, "[i]n the absence of any factual claims by defendants, the only reduction the court [can] properly order concern[s] hours about which the district judge ha[s] personal knowledge, namely, hours claimed for work at pretrial conferences and at trial." *Cunningham v. City of McKeesport*, 807 F.2d 49, 52 (3d Cir. 1986).

increased only in very limited circumstances in which it does not adequately take into account a factor that may properly be considered in determining a reasonable fee. *Purdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553-54 (2010).

### III. DISCUSSION

#### A. HOURLY RATES

To determine the reasonable hourly fee, the Court must apply a burden-shifting procedure. See *Evans v. Port Auth. of N.Y. and N.J.*, 273 F.3d 346, 361 (3d Cir. 2001). First, the fee applicant must establish a prima facie case by "producing sufficient evidence of what constitutes a reasonable market rate." 273 F.3d at 361. An attorney's usual billing rate for the particular services rendered is typically the starting point of this calculation; however, this is not a dispositive factor. *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001).

Generally, attorneys' fees should be based on the prevailing rates in the judicial district that is the forum of litigation. *See Buck v. Stankovic*, No. 3:07-CV-0717, 2008 WL 4072656 *3 (M.D.Pa. Aug. 27, 2008) (citing *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 705 (3d Cir. 2005), as amended (Nov. 10, 2005)). Two exceptions exist to the "forum rate" rule: (1) "where a case requires the 'special expertise of counsel from a distant district'; or (2) "[w]here local counsel are unwilling to handle a case." *Id.* Where counsel is excepted from the forum rate by either of the circumstances identified above, "the 'relevant community' for determining a prevailing market rate is the forum in which the attorneys regularly practice." *Id.* "An attorney's usual billing rate is a good starting point for assessing reasonableness, though it is not dispositive." *Potence v. Hazleton Area Sch. Dist.*, 357 F.3d 366, 374 (3d Cir.2004) (citing *Maldonado*, 256 F.3d at 184 – 85. "To inform and assist the court in its exercise of discretion, the burden is one the fee applicant to produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers

4

of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984).

For public service attorneys who do not have paying clients, the Third Circuit applies the "community market rate rule" to assess the reasonable hourly fee. *Student Pub. Int. Research Grp. v. AT&T Bell Labs*, 842 F.2d 1436, 1450 (3d Cir. 1988). The community market rate rule requires a court to "to assess the experience, and skill of the attorneys and compare their rates to those of comparable lawyers in the private business sphere." 842 F.2d at 1447. A reasonable market rate may be established "with reference to 'the community billing rate charged by attorneys of equivalent skill and experience performing work of similar complexity.'" *Evans v. Port Auth. of New York & New Jersey*, 273 F.3d 346, 361 (3d Cir. 2001) (quoting *Student Pub. Interest Research Grp.*, 842 F.2d 1436, 1450); see also *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984) ("the burden is on the fee applicant to produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.").

This evidence is often presented in the form of affidavits from other local attorneys. 273 F.3d at 360-161. Once Plaintiff meets the initial burden, Defendant may contest the reasonableness of the rate with "appropriate record evidence." *Evans*, 273 F.3d at 361. [H]ourly rates that were set for a specific attorney in previous court decisions do not generally constitute record evidence, *Smith v. Phila. Hous. Auth.*, 107 F.3d 223, 226 (3d Cir. 2001), unless those rates were set for the same attorney and for the same type of work of a contemporaneous period. *Black v. Grievance Comm. v. Phila. Elec. Co.*, 802 F.2d 648, 652 (3d Cir. 1986), *vacated on other grounds*, 483 U.S. 1015 (1987).

5

Here, Shaffer seeks an hourly rate of $200.00 and Serratelli seeks an hourly rate of $300.00. (Doc. 209 at 8 ¶ 15). Because defendants have not submitted any motion or documentation opposing the requests for attorney's fees, defendants do not oppose the hourly rates requested by Shaffer and Serratelli.[3] Attorney Serratelli submits a Curriculum Vitae ("CV") in support of her request for fees. (Doc. 209-1). Serratelli boasts over thirty years of practical experience in Pennsylvania, where she focuses on family law and civil rights law. (Doc. 209-1 at 1-3). Serratelli also served on the bench of the Dauphin County Court of Common Pleas. (Doc. 209-1 at 2). Further, Attorney Larry A. Weisberg ("Weisberg"), who has tried civil rights cases before the Middle District of Pennsylvania, averred that $300.00 per hour is "both conservative and reasonable" as an hourly rate for Serratelli. (Doc. 209-4 at 4 ¶ 11). Weisberg further states that Serratelli is a highly respected and skilled attorney in the civil rights arena, a contention which the court finds plainly supported by Serratelli's CV. (209-4 at 5 ¶ 12). Therefore, an hourly rate of $300.00 is reasonable for Serratelli in connection with her work on this matter.[4]

Attorney Shaffer also submits a Curriculum Vitae ("CV") in support of his request for fees. (Doc. 209-2). Shaffer's practice in Pennsylvania stretches over eight years, and his focus areas appear to be land use and domestic law. (Doc. 209-2 at 1). Shaffer has handled over ninety court-appointed cases in Carlisle County, Pennsylvania. (Doc. 209-2 at 1). Further, Attorney Weisberg

---

[3] District precedent allows the court to adopt the hourly rate amounts suggested by attorneys when defendants do not oppose them. *Evankavitch v. Green Tree Servicing, LLC*, No. 3:12cv2564, 2014 WL 4437645, *2 (M.D. Pa. September 9, 2014).

[4] *Cf. Beattie v. Line Mountain School Dist.*, No. 4:13–cv–02655, 2014 WL 3400975, *10 (M.D. Pa. July 10, 2014) (finding "a reasonable fee range in this vicinage [Williamsport for the Middle District of Pennsylvania] for a partner with the necessary skill and experience to provide competent legal services in this type [civil rights] of litigation is in the range of $180 to $325 per hour."

averred that $200.00 per hour is "both conservative and reasonable" as an hourly rate for Shaffer. (Doc. 209-4 at 4 ¶ 11).[5] The Court finds that $200.00 per hour is an appropriate rate for Shaffer.

### B. Hours Billed

To meet the initial burden of proving that the requested fees are reasonable, Plaintiff must submit evidence of the hours worked that is specific enough to allow the court to "determine if the hours claimed are unreasonable for the work performed." *Washington v. Phila. Cnty. Ct. of Comm. Pl.*, 89 F.3d 1031, 1037 (3d Cir. 1996). To satisfy this burden, a petition should include, "fairly definite information as to the hours devoted to various general activities, e.g., pretrial discovery, settlement negotiations, and the hours spent by various classes of attorneys." *Rode*, 892 F.2d at 1191 (*quoting Lindy Bros. Builders, Inc. of Phila. v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161, 167 (3d Cir. 1973)). Further, "a chronological listing of time spent per activity by attorneys is essentially a summary of the time spent per task." 487 F.2d at 167. Once a fee applicant has met this burden, "[t]he party opposing the fee award then has the burden to challenge the reasonableness of the requested fee … with sufficient specificity to give the fee applicant notice of the objection." *E.E.O.C. v. Fed. Express Corp.*, 537 F.Supp.2d 700, 721 (M.D.Pa. 2005). Where the opposing party makes specific objections, the burden shifts back to the fee applicant to justify the its request. *Interfaith Comty. Org.*, 426 F.3d at 711. The Court enjoys considerable discretion to adjust the fee applicant's claimed hours in light of the opposing party's objections. *Fed. Express Corp.*, 537 F.Supp.2d at 721.

---

[5] Attorney Solomon Krevsky, who has litigation experience with civil rights cases throughout the Commonwealth of Pennsylvania, also expresses confidence in the litigation abilities of Shaffer and believes an hourly rate of $200.00 is "reasonable and consistent with the current market rate for attorneys who represent plaintiffs in civil rights litigation." (Doc. 209-5 at 5 ¶ 11); (Doc. 209-5 at 6 ¶ 13).

Here, Attorney Shaffer requests a fee award in the amount of $29,890.00, which comes out to 149.45 hours given his hourly rate of $200.00. (Doc. 209-1 at 10 ¶ 25). Attorney Serratelli requests a fee award of $5,370.00, which comes out to 17.9 hours given her hourly rate of $300.00. (Doc. 209-1 at 10 ¶ 24). The attorneys submit an hours ledger detailing their work performed on this case. (Doc. 209-3). The ledger includes highly specific work performed by both attorneys, and totals the amount requested by them. (Doc. 209-3 at 9). This Court granted Katona's motion to appoint counsel on August 3, 2015. (Doc. 164). The ledger entries span from December 2015 to July 2018, an appropriate period given the court's appointment of counsel and the fact that the bench trial occurred on July 9, 2018. (Doc. 208). Therefore, the fee applicants have met their burden of providing "fairly definite information as to the hours devoted to various general activities" regarding this matter. *See Rode,* 892 F.2d at 191. As stated earlier, defendants have submitted nothing in opposition to this request for attorney fees. Therefore, the court finds that defendants have not satisfied their burden to challenge the fee request. As shown above, the number of hours billed by Shaffer and Serratelli is reasonable.[6]

C. EXPENSES

Finally, as the prevailing party, Plaintiff is entitled to costs under Federal Rule of Civil Procedure 54(d)(1). Fees owed to a legal researcher and a legal assistant are provided, and the party seeking those fees need not provide the name or qualifications of the researcher or assistant. *Souryavong v. Lackawanna County*, 159 F. Supp. 3d 514, 530 (M.D. Pa. 2016); *Jama Corp. v. Gupta,*

---

[6] Time spent "getting up to speed" with the case itself, as opposed to general research on the area of substantive law, is compensable time for attorney fee awards pursuant to a civil rights case. *Planned Parenthood of Cent. New Jersey v. Attorney General of State of New Jersey*, 297 F.3d 253, 271-72 (3d Cir. 2002). Thus, time spent reviewing the record is compensable.

No. 3:99–cv–1624, 2008 WL 108671, at *5 (M.D. Pa. Jan. 4, 2008). The cost of an expert report is recoverable so long as its related to the prevailing claim. *Watcher v. Pottsville Area Emergency Medical Service, Inc.*, 559 F. Supp. 2d 516, 537 (M.D. Pa. 2008). Costs of depositions are recoverable if the use of the depositions is reasonably necessary for the case. *Smith v. City of Lebanon*, No. 1:07–CV–1207, 2011 WL 66018, *2 (M.D. Pa. January 10, 2011) (citations omitted). Shaffer and Serratelli incurred total expenses in the amount of $12,055.75 on this case, consisting of $11,475.00 for an expert report and $580.75 for depositions. (Doc. 209-1 at 11 ¶ 26). The expert report is substantiated by an invoice from Theresa Lantz, consultant. (Doc. 209-3 at 10). Shaffer and Serratelli may recover the cost of the report and the depositions.

## IV. CONCLUSION

Katona won a summary judgment motion for liability on his excessive force claim against Shea and prevailed at his trial for damages on the claim against Shea. (Doc. 159; Doc. 162). Attorneys Shaffer and Serratelli appeared on behalf of Katona after the court granted summary judgment, but before the trial for damages. (Doc. 166; Doc. 168). Katona's attorneys secured a full success on the merits.

Given the foregoing, the Court will grant the motion for attorney fees and expense (Doc. 209), and award fees in the amount of $29,890.00 to attorney Shaffer; fees in the amount of $5,370.00 to attorney Serratelli; and expenses in the amount of $12,055.75. An appropriate Order will follow.

Dated: February 14, 2019　　　　　　　　　　　BY THE COURT:

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**